IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIKA C. ALFARO,

     Plaintiff,                    No. CIV S-07-1389 GEB DAD PS

    vs.

MARK McMASTER'S CPA,           FINDINGS AND RECOMMENDATIONS

     Defendant.

_____/

         Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The proceeding has been referred to the undersigned in accordance with Local Rule 72-302(c)(21) and 28 U.S.C. § 636(b)(1).

         Pursuant to federal statute, a filing fee of $350.00 is required to commence a civil action in a federal district court. 28 U.S.C. § 1914(a). The district court may authorize the commencement of an action "without prepayment of fees or security therefor" by an individual who submits an affidavit demonstrating his or her inability to pay such fees or give security therefor. 28 U.S.C. § 1915(a).

         Here, plaintiff's in forma pauperis application reveals that plaintiff is not currently employed but that during the past 12 months she received money from (1) pensions, annuities, or life insurance payments, (2) disability or workers compensation payments, and (3) gifts or

1

1 inheritances. Despite the instructions on the form, plaintiff has not described each source of
2 money, the amount received, and what she expects she will continue to receive. Plaintiff
3 indicates that she has $97,000.00 in cash or checking or savings accounts. Plaintiff states that
4 she has property in the form of State of California money and Social Security Disability.

5       The court finds that plaintiff has made an inadequate showing of indigency. See
6 Olivares v. Marshall, 59 F.3d 109, 112 (9th Cir. 1995); Alexander v. Carson Adult High Sch., 9
7 F.3d 1448, 1449 (9th Cir. 1993). Plaintiff's application to proceed in forma pauperis should
8 therefore be denied.

9       Ordinarily, the undersigned would recommend that the district judge deny
10 plaintiff's in forma pauperis application and grant plaintiff twenty days to pay the $350.00 filing
11 fee in full before this case proceeds further. However, the complaint in this case, like the
12 complaints in more than ten previous actions filed by plaintiff in this court since February 10,
13 2006, alleges no basis for federal jurisdiction over plaintiff's claims.[1]

14       The defendant in this case is Mark McMaster's CPA. Plaintiff alleges as follows:
15 on July 6, 2007 she went to see a certified public accountant, and he indicated that he would be
16 able to help her manage some of her money; plaintiff gave the CPA several copies of her court
17 cases, copies of her disability papers, copies of documents relating to her State of California
18 money, and copies of some bills and Bank of America statements; a few days later, the CPA
19 advised plaintiff that he could not help her; plaintiff told him it was very important for her to get

---

[1] The following cases brought by plaintiff in this court have been dismissed for lack of subject matter jurisdiction: Alfaro v. Social Security Administration, case No. CIV S-06-0294 MCE DAD PS, closed February 20, 2007; Alfaro v. City of Sacramento, case No. CIV S-06-1355 FCD GGH PS, closed September 6, 2006; Alfaro v. Alcohol and Drug Administration, case No. CIV S-06-1370 GEB GGH PS, closed October 3, 2006; Alfaro v. Barnicoat, case No. CIV S-06-1614 MCE DAD PS; Alfaro v. Miranda, case No. CIV S-06-1687 LKK EFB PS, closed October 10, 2006; Alfaro v. Rameriz, case No. CIV S-1689 DFL EFB PS, closed December 21, 2006; Alfaro v. Burney, case No. CIV S-01783 DFL EFB PS, closed December 21, 2006; Alfaro v. Bank of America, case No. CIV S-06-1808 DFL GGH PS, closed December 21, 2006; Alfaro v. US Bank, case No. CIV S-06-1809 GEB EFB PS, closed December 5, 2006; Alfaro v. Alfaro, case No. CIV S-06-2460 LKK GGH PS, closed January 26, 2007; Alfaro v. Citi Bank, case No. CIV S-07-0363 GEB DAD PS, closed May 25, 2007.

her rent payment in because she had received a three-day notice. the CPA said he could not take her case on; plaintiff "had talk to him on June 23, 07 and said, I was afraid of the accountant, I had taken on because he was, with some unfamiliar people, and I didn't know, how long I could stay with the other accountant. His name was Lawerence [sic] J. McLevich, and wasn't sure how long he could help me because, he was alot [sic] different."

On these allegations, the undersigned finds that the court lacks subject matter jurisdiction over this action. See Bell v. Hood, 327 U.S. 678, 682-83 (1946) (recognizing that a claim is subject to dismissal for want of jurisdiction where it is "wholly insubstantial and frivolous" and "so patently without merit as to justify" dismissal for lack of jurisdiction ); Hagans v. Lavine, 415 U.S. 528, 543 (1974) (acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial, implausible, foreclosed by prior decisions of this Court or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court"). See also Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) ("A paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction . . . and may be dismissed sua sponte before service of process.").

Based on plaintiff's history of filing obviously frivolous actions, it would be futile to grant leave to amend. The undersigned will therefore recommend that plaintiff's in forma pauperis application be denied and this action be dismissed with prejudice for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis be denied; and

2. This action be dismissed with prejudice for lack of subject matter jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within ten (10) days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to

1 | Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file
2 | objections within the specified time may waive the right to appeal the District Court's order. <u>See</u>
3 | <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4 | DATED: July 26, 2007.

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\alfaro1389.f&r.ifpjur